## IKEDA and KUBO *v.* HOE LUNG.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED NOVEMBER 21, 1902.   DECIDED DECEMBER 11, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Appeal dismissed, there being evidence to support the finding of the Circuit Judge in a law case appealed to him from the District Magistrate.

Even if a violation of P. L., § 358, by leaving a wagon, without a horse attached, in the street for over fifteen minutes, were negligence *per se*, the evidence in this case warranted a finding that the wagon was not so left for so long a time.

So leaving a wagon in front of one's store for a few minutes while changing horses is not negligence *per se*, irrespective of the statute. Even if it were, it would not necessarily be contributory negligence where defendant's runaway horse ran into the wagon and damaged it.

#### OPINION OF THE COURT BY FREAR, C.J.

This is an appeal on a point of law from the Circuit Judge who, on appeal from the District Magistrate, found for the plaintiff, in an action for damage caused to plaintiffs' wagon by defendant's horse.

The plaintiff moved to strike the transcript of the testimony from the files for non-compliance with Rule 4 and because it was not formally made a part of the record; also to dismiss the appeal, principally on the ground that the point of law on which it was taken is not properly certified.

The merits as well as these motions were argued and under the circumstances we prefer to dispose of the case on the former.

The plaintiffs' wagon was injured by defendant's runaway horse on Front street, Hilo. The horse was a wild one. The defendant was riding it for the first time and indeed had never before ridden any horse. He was thrown and then the horse ran into the wagon. This was sufficient for a *prima facie* case against the defendant.

The only defense was contributory negligence, to make out which the burden was on the defendant. The only thing relied on to show such negligence was the leaving of the wagon for a time, without a horse attached to it, in the street near the sidewalk.

It is contended, first, that this was negligence *per se* because in violation of Penal Laws, §358, which prohibits the leaving of a vehicle on a street for more than fifteen minutes unless a draught animal is attached to it. But aside from the question whether a violation of that law would be negligence *per se*, the testimony was such as to warrant a finding that the wagon was not left for so long a time as fifteen minutes.

It is contended, secondly, that to leave a wagon in the street in that way at all was contributory negligence irrespective of the statute. The testimony was such as to warrant a finding that the wagon was there without a horse attached, in front of plaintiffs' store, only about five minutes or so, for the purpose of changing horses. We cannot say that that was negligence *per se.* Even if it were negligence, it would not necessarily follow that it was contributory negligence, that is, that it contributed to or was a proximate cause of the injury. That would probably have happened whether the horse was attached to the wagon or not,

and in all probability the plaintiffs' could not have avoided the danger after it arose by any amount of care.

The only point of law relied on is whether there was any substantial evidence to support the finding. In our opinion there was.

The appeal is dismissed and the judgment below affirmed.

*Smith & Parsons* and *Thayer & Hemenway* for plaintiffs.

*Smith & Lewis, L. J. Warren* and *Le Blond & Smith* for defendant.